John Burlison, Respondent, v. William R. Hinsdale and Edward P. Backus, Appellants.— Motion denied.

Russell Conklin and Others, Respondents, v. Charles F. Whitbeck and Others, Appellants.— Judgment unanimously affirmed, with costs.

Citizens' National Bank of Saratoga Springs, Respondent, v. Frances M. Gardner and Another, Appellants.— Motion denied.

Michael J. Callanan, Suing Individually and in Behalf of Other Stockholders of the Defendant Railroad Company Similarly Situated, v. Keeseville, Ausable Chasm and Lake Champlain Railroad Company and Others.— Judgment as settled modified to provide that the plaintiff within thirty days from the service of a copy of this judgment and notice of entry elect whether he will comply with the conditions upon which relief is here given. If he does not within that time elect to comply with said conditions the complaint is dismissed, without costs. If he does elect to comply with said conditions the accounting is to proceed as specified in the judgment appealed from, except that the defendants may have credit for the amount reasonably expended upon the said road and in its management up to the date of the entry of this judgment and are to be charged with the receipts from the road to the same date. The Hon. Lynn J. Arnold is appointed referee to take and state the accounts and report them to the court. Upon the confirmation of his report defendants Powers and Mansfield may have judgment against the railroad company for the amount found due. Upon the payment of that judgment the defendants shall turn back to the company the road and its equipment and other property as specified in the original judgment. After the payment of said judgment and the return of the property either party may apply for a supplemental accounting of the moneys received and expended between the date of this judgment and the date upon which said property is returned. At any time after the entry of this interlocutory judgment the plaintiff may give a bond with sufficient sureties in the sum of $80,000, conditioned for the payment of the amount found due to Powers and Mansfield or Powers & Mansfield Company upon the accounting. This bond to be approved by a justice of the Supreme Court. Upon its approval the defendants shall deliver to the company the road and its equipment and the other property specified in the original judgment. If such bond be given and the property turned back, then the referee shall upon the accounting ascertain the amount received and reasonably expended to the time of the actual return of the property. Costs of this reference to be paid as shall be directed by the final judgment. The judgment as modified to be settled before Cochrane, J.

Frederick W. Delmage, Respondent, v. Times Square Automobile Company, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concurred.

Chauncey A. Frees, Respondent, v. Sol. Bernstein, Appellant.— Motion denied.

Oscar Gregoire, by Joseph Gregoire, His Guardian ad Litem, Respondent, v. Walker & Williams Manufacturing Company, Appellant.— Motion denied.

Anna Kraus, Appellant, v. Louise Birnbaum, Respondent.— Motion denied.

William Lawson, Respondent, v. Willard Box and Lumber Company, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concurred.